**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| Francesco Santoru o/b/o Estate of Donna Santoru<br><br>Plaintiff(s)<br><br>v.<br><br>Novo Nordisk A/S, and Novo Nordisk Inc.; Eli Lilly and Company and Lilly USA, LLC<br><br>Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.:   2:26-cv-5851 |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1.    Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Donna Santoru                                                      .

2.    If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: Francesco Santoru                                                  , as Administrator                   of the estate of Donna Santoru                , deceased.

3.    If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): Francesco Santoru                                              .

4.    If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: Francesco Santoru                                                          .

**Defendant(s)**

5.    Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

      ✔      Novo Nordisk Inc.

      ✔      Novo Nordisk A/S

      ✔      Eli Lilly and Company

      ✔      Lilly USA, LLC

            other(s) (identify):

**JURISDICTION AND VENUE**

6.      City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

 Toms River, NJ

7.      State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

 New Jersey

8.      State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

 New Jersey

9.      City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

 Toms River, NJ

10.     Jurisdiction is based on:

____✔____       diversity of citizenship pursuant to 28 U.S.C. § 1332

_____       other (plead in sufficient detail as required by applicable rules):

11.     The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

 U.S. District Court for the District of New Jersey

12.     Venue is proper in the District Court identified in Paragraph 11 because:

    __✔__        a substantial part of the events and omissions giving rise to Plaintiff(s)'

                claims occurred there;

    _____        other (plead in sufficient detail as required by applicable rules):

13.      If applicable, identify the citizenship of any additional Defendant(s) named above:

Defendant, Novo Nordisk Inc. ("Novo Nordisk"), is a Delaware corporation.
Defendant, Novo Nordisk A/S, is a public limited liability company organized
under the laws of Denmark with its principal place of business in Bagsværd,
Denmark.
Eli Lilly and Company, and Lilly USA, LLC are headquartered in Indianapolis,
Indiana.

4

## **PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

    ✔     Ozempic (semaglutide)

_____ Wegovy (semaglutide)

_____ Rybelsus (oral semaglutide)

_____ Saxenda (liraglutide)

    ✔     Trulicity (dulaglutide)

_____ Mounjaro (tirzepatide)

_____ Zepbound (tirzepatide)

_____ other(s) (identify):

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Ozempic - in or around 1/2021-12/2024
Trulicity - in or around 6/2020-12/2020

**INJURIES AND DAMAGES**

16.   To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____ Gastroparesis

___✔___ Other gastro-intestinal injuries (specify):
abdominal pain, vomiting

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify)

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

___✔___ Death

___✔___ Additional/Other(s) (specify):

Barrett's esophagus, blurry vision

17.   Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

Gastrointestinal issues - in or around 10/2024
Barrett's esophagus - in or around 2/2025
Blurry vision - in or around 2/2025
Death - 8/2025

18.     In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

    ✔     Injury to self

    ✔     Injury to person represented

    ✔     Economic loss

    ✔     Wrongful death

    ✔     Survivorship

    ✔     Loss of services

    ✔     Loss of consortium

         other(s) (specify):

**CAUSES OF ACTION**

19.     In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

| | | |
|---|---|---|
| ✔ | Court I: | Failure to Warn – Negligence |
| ✔ | Count II: | Failure to Warn – Strict Liability |
| ✔ | Count III: | Breach of Express Warranty/Failure to Conform to Representations |
| ✔ | Count IV: | Breach of Implied Warranty |
| ✔ | Count V: | Fraudulent Concealment/Fraud by Omission |
| ✔ | Count VI: | Fraudulent/Intentional Misrepresentation |
| ✔ | Count VII: | Negligent Misrepresentation/Marketing |
| ✔ | Count VIII: | Strict Product Liability Misrepresentation/Marketing |
| ✔ | Count IX: | Innocent Misrepresentation/Marketing |
| ✔ | Count X: | Unfair Trade Practices/Consumer Protection (see below) |
| ✔ | Count XI: | Negligence |
| ✔ | Count XII: | Negligent Undertaking |
| ✔ | Count XIII: | State Product Liability Act (see below) |
| ✔ | Count XIV: | Wrongful Death |
| ✔ | Count XV: | Loss of Consortium |
| ✔ | Count XVI: | Survival Action |
| | Other(s) | (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules): |

8

20.     If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

     a.   Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

     N.J.S.A 2A:58C-1, et seq.

     b.   Identify the factual allegations supporting those claims (by subsection, if applicable):

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21.     If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of

any jurisdiction as identified in Count XIII above:*

    a.   Indicate the specific statute (including subsections) under which Plaintiff(s)

       is/are bringing such claims:

    The New Jersey Product Liability Act ("NJPLA") is set forth at N.J. Stat. § 2A:58C-1
et seq. (See specific subsections below)

    b.   Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent

       failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

    New Jersey has adopted the NJPLA, establishing strict liability for all claims of harm
caused by a product, including theories of failure to warn, defective design and
defective manufacture. N.J. Stat. § 2A:58C-1 to N.J. Stat. § 2A:58C-8. Subsumed
within the NJPLA are claims of negligence, implied warranty, and the like, with the
exception of express warranty and consumer fraud claims. § 2A:58C-1 to N.J. Stat. §
2A:58C-3.

    c.   Identify the factual allegations supporting those claims:

    The factual allegations supporting the causes of action are set forth in paragraphs
606-926 of the Master Complaint. All of those causes of action are subsumed within
the NJPLA, except for the causes of action based upon express warranty (factual
allegations at paragraphs 675-698) and consumer fraud (factual allegations at
paragraphs 850-865).

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims
with the requisite specificity will result in the short form complaint being stricken with only one
opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22.     If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate

pre-suit notice to Defendant(s)? N/A      . If so, attach such notice.

**RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

**JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date:    August 14, 2026

By:

Stefanie Colella-Walsh, Esq. NJ ID 012602007

Martin P. Schrama, Esq. NJ ID 039581997

Stark & Stark PC

100 American Metro Blvd

Hamilton, NJ 08619

Phone: 609.895.7261

e-mail: masstorts@stark-stark.com

Name(s), Bar Number(s), Law Firm(s), Mailing Address(es), Email Address(es), and Phone Number(s) of Attorney(s) representing Plaintiff(s).